[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12217

_____

EMMANUEL G. LOUIS, JR.,
TAMARAH C. LOUIS,

                                    Plaintiffs-Appellants,

*versus*

BLUEGREEN VACATIONS UNLIMITED, INC.,
BLUEGREEN VACATIONS CORPORATION,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61938-RAR

_____

Before BRANCH, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

In this appeal, we address whether Emmanuel and Tamarah Louis have standing to file suit under the Military Lending Act, 10 U.S.C. § 987 (MLA). The Louises bought a timeshare from the appellants (collectively Bluegreen). They contend that Bluegreen violated the MLA by not giving required disclosures and including an arbitration provision in their financing agreement. The District Court dismissed their case for lack of standing. Because the Louises failed to allege an injury traceable to the alleged MLA violations, we affirm.

## I.  Background

Bluegreen, a Florida-based corporation, sells timeshare interests and provides related financing. On December 20, 2020, the Louises bought a timeshare interest from Bluegreen, financing a majority of the purchase. At the time, Emmanuel was serving in the U.S. Army and Tamarah was his dependent spouse.

To make their purchase, the Louises entered into an Owner Beneficiary Agreement (OBA) with Bluegreen. By signing this agreement, the Louises became owner beneficiaries under the Bluegreen Vacation Club Trust Agreement, entitling them to annual "Vacation Points." These points could be redeemed for stays at Bluegreen's resorts.

22-12217               Opinion of the Court                3

Under the OBA's terms, the Louises issued a promissory note to Bluegreen for the balance of the purchase price. The total cost of the timeshare was $11,500, of which they made a 10% down payment. The remaining balance of $10,350 was financed over 120 months at a 16.99% interest rate, equating to a $179.81 monthly payment. They also paid a $450 administrative fee with the down payment, bringing their total initial payment to $1,600.

The Louises later filed suit against Bluegreen seeking declaratory and injunctive relief, as well as actual and punitive damages. They claimed protection under the MLA, alleging that Bluegreen violated the MLA because it did not give required written and oral disclosures, incorrectly provided an interest rate that differed from the Military Annual Percentage Rate (MAPR), and required arbitration.

Bluegreen moved the District Court to dismiss the complaint, citing, among other things, a failure to establish standing. A Magistrate Judge reviewed the motion and recommended dismissing the case without prejudice for lack of standing, specifically pointing to issues with the traceability of the alleged injuries to the MLA violations. The Magistrate Judge noted that the Louises had not claimed that the violations caused them to pay more than expected or influenced their decision to enter the contract.

Over the Louises' objection, the District Court adopted the Magistrate Judge's report and recommendation, but slightly disagreed with the Magistrate Judge's reasoning. While the Magistrate

Judge focused on traceability, the District Court found no concrete injury at all. The Louises timely appealed.

## II. Legal Standard

We review de novo the threshold jurisdictional question of whether the Louises had standing to sue Bluegreen under the MLA. *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021). "When we assess standing, we 'must be careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims.'" *West Virginia ex rel. Morrisey v. U.S. Dep't of the Treasury*, 59 F.4th 1124, 1137 (11th Cir. 2023) (quoting *Culverhouse v. Paulson & Co.*, 813 F.3d 991, 994 (11th Cir. 2016)).

## III. Discussion

On appeal, the Louises argue that the District Court misinterpreted the nature of the harm relevant to their standing, contending that the harm includes both their past payments and future obligations under what they claim is a void contract. To that end, the Louises cite precedent that they need only allege harm traceable to Bluegreen, not to the law Bluegreen allegedly violated.

The jurisdiction of federal courts is limited to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. One aspect of this case or controversy requirement is the standing doctrine. *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 (11th Cir. 1991). To establish standing, a plaintiff must plead an injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61

22-12217               Opinion of the Court                        5

(1992). The Louises, as the party invoking the jurisdiction of the federal court, bore the burden of plausibly establishing these elements. *See id.* at 561; *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924–25 (11th Cir. 2020) (en banc).

Here, it is not necessary to determine whether the Louises have a concrete injury because they lack standing for failing to plead causation. Their claimed injuries, including the $1,600 down payment and the later monthly payments, cannot be fairly traced to Bluegreen's alleged violations of the MLA—failing to provide disclosures, misrepresenting the MAPR, and requiring arbitration.

"Article III standing requires a 'causal connection between the injury and the conduct complained of'"—meaning "the injury must be 'fairly traceable to the challenged action of the defendant.'" *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560). So before we may find jurisdiction, "plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action." *Id.* (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41 (1976)). Further, the traceability requirement is not as demanding as proximate cause. *Id.*

The Louises claim they have standing because "they suffered a concrete injury in that they are obligated to pay under the terms of an agreement that is void from inception because it violated the MLA and also because they made a substantial down payment." But this allegation is not sufficient to "fairly trace" their injury to the alleged MLA violations.

The complaint lacks specific allegations that link their claimed injury to Bluegreen's alleged misconduct. For example, as the Louises conceded during oral argument, the Louises did not allege that their down payment was made because they were not provided the required disclosures or because the OBA included an arbitration provision. Instead, they argue that their injury—payments and ongoing obligations on a contract they claim is void—is traceable to Bluegreen's MLA violations because these violations render the OBA void. But the fact that the contract may be void serves merely as a possible remedy. *See* 10 U.S.C. § 987(f)(3). It does not establish causation between the alleged payments and the alleged violations.

The Louises refer to *Collins v. Yellen* to support their argument that a plaintiff only needs to show that their harm is traceable to the defendant, not necessarily to the specific law the defendant allegedly violated. 141 S. Ct. 1761, 1779 (2021). Essentially, they read *Collins* to have absolved them from pleading traceability to the alleged MLA violations. But *Collins* clarifies that "for purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to '*allegedly unlawful conduct*' of the defendant, not to the provision of law that is challenged." *Id.* (emphasis added). Put differently, "the plaintiff must [still] show 'a causal connection between the injury and the conduct complained of.'" *Id.* (parenthetically quoting *Lujan*, 504 U.S. at 560). There, the injury was fairly traceable to the Federal Housing Finance Agency's allegedly unlawful conduct—specifically, amendments to an agreement between the government and the plaintiff-shareholders' companies,

which modified the dividend payments to the Treasury—because its actions affected the shareholders' financial interests. *Id.* As discussed, there are no allegations showing how the allegedly unlawful conduct here (MLA violations) affected the Louises' financial interests.

The Louises also draw on *Moody v. Holman*, where this Court analyzed the standing of an Alabama state inmate bringing a claim that he be returned to the custody of the United States. 887 F.3d 1281, 1286–87 (11th Cir. 2018). They cite this case to assert that Article III does not require them to demonstrate a connection between the injury claimed and the rights being asserted. But *Moody* involved a clear causal link where "Mr. Moody's injury (the imminent loss of life due to execution) [was] 'fairly traceable to the challenged action' of Alabama (the failure to return him to the federal government)." *Id.* (quoting *Lujan*, 504 U.S. at 560).

They also reference *Duke Power Co. v. Carolina Environmental Study Group., Inc.* to argue against the need to show a "subject-matter nexus between the right asserted and the injury alleged." 438 U.S. 59, 79 (1978). Still, this does not absolve them of traceability. This cherry-picked quote stemmed from Duke Power's argument that "in addition to proof of injury and *of a causal link between such injury and the challenged conduct*," the appellee also bore the burden of proving a nexus requirement for standing. *Id.* at 78 (emphasis added). The Court rejected this contention and ultimately held that there was causation because the challenged Price-Anderson Act was the but-for cause of the appellee's claimed injuries. *Id.* 74–

79. Unlike in *Duke Power*, the Louises have not sufficiently alleged causation to confer Article III standing.

## Conclusion

Even assuming that on the merits the Louises would succeed in their claims, they have failed to establish the traceability prong of standing. Thus, the District Court did not err when it dismissed their complaint without prejudice for lack of standing.

**AFFIRMED.**